# Loring, Appellant, *v.* Willis *et al.*

It has been repeatedly decided, that a court is not bound to give a charge on a mere abstract question of law, and that it is not error to refuse a charge asked, unless the state of the case is such as to give it a proper application.

If in an action of unlawful detainer under the statute, the defendant has held adverse possession of the land for a period of three years previous to the commencement of the suit, the action is barred.

It seems, that when a party goes into possession of land under a contract for purchase which he refuses to complete, that, the vendor may, at any time within three years recover possession, by a proceeding for unlawful detainer under the statute.

It is said to be true, as a legal proposition, that in a proceeding for unlawful detainer, the title of the parties and the right of property are not involved.

APPEAL from the circuit court of the county of Claiborne.

This was a petition of forcible detainer commenced before two justices of the peace, and after decision by them and a jury, taken to the circuit court of Claiborne county.

The record was very unskilfully made up. After the caption, the record states that an appeal was filed in that court on the 4th September, 1837. Then follows the caption of the record sent from the justices' court. Then an order of continuance on agreement, set out.

On the 28th July, 1837, a jury appeared before the justices, and returned a verdict for defendant, on which judgment was rendered, and an appeal to the circuit court prayed and granted.

There was next a copy of the complaint, in common form. Then follows the warrant, in common form, with the sheriff's return. There was a continuance in the circuit court, November term, 1837; and, a motion to strike the case from the docket in the circuit court, overruled.

May term, 1838, a jury and verdict for the claimant; and judgment and an appeal.

The bill of exceptions states that the defendant moved for charges, as follows, in substance:

1. That if Loring held adverse possession for three years prior to the filing the complaint, the jury must find for him.

2. That the title does not come in question in this suit.

3. That if Loring entered, under a contract to purchase, and held possession more than three years previous to the commencement of this suit, that it constitutes an adverse possession, and a bar to this action.

Which charges the court refused to give in *hæc verba*, but charged:

1. That a husband has only a life estate in the lands of his wife.

2. That the wife must in all cases join in a deed to convey her right.

3. That the statute of limitations runs from the time possession became adverse, and not from the time of taking possession. And if the defendant went into possession under a contract for purchase, and during his possession refused to pay a balance due on the contract, and thereby complete the purchase, that Loring became a trespasser, and that plaintiffs had a right to become the possessors at any time within three years after such refusal, by the remedy of forcible detainer.

Then followed the appeal bond given by Loring.

Thrasher, for appellant.

1st. The first error assigned is to the judgment of the circuit court, in entertaining and trying the appeal from the magistrate's court, without a perfect and full transcript of the complaint, warrant and return of the officer executing the same, and also in taking jurisdiction of the case, when it was apparent from the record that the appeal was illegally taken, and the bond executed after the adjournment of the magistrate's court. On an appeal to the circuit court, it is evident that all the papers should be before the Court, showing that the previous legal steps had been taken in the case. A complaint verified by oath was necessary, setting out and describing the premises. A warrant was also necessary; and if the court rendered judgment without them, it was error, because they are all necessary to a legal judgment, and the court could not proceed without them, either *de novo*, or otherwise. See Revised Code, page 237—8—9. Nor could the

[Loring, Appellant, *v.* Willis *et al.*]

court award restitution without a complaint describing the premises in question.

2d. The court erred in refusing the charge set out in the second assignment. Three years adverse possession is an unquestionable bar to the summary remedy by unlawful detainer given by the statute, nor are there any exceptions or savings in favor of *feme coverts,* infants, or other persons. The action cannot be maintained after three years adverse possession. Revised Code, 237, sec. 2 and 3.

3d. That the court erred in refusing the charge set out in the third assignment, is equally clear. Unlawful detainer is a possessory action, in which the title does not come in question, and the court ought to have given the charge. 5 Am. Com. Law Rep. 434, Walker's Reports.

4th. The court erred in refusing the charge set out in the fourth assignment of error; for it is the very definition of adverse possession, that one claiming as his own, is holding adversely to any and to every other person. See 5 American Com. Law, 37; 5 Peters, 540.

5th. The court erred in giving the charges set out in the fifth, sixth and seventh assignment of errors, and in giving them without any evidence to the jury, that the facts on which the charges were predicated existed in the case. The charges were not, if the jury believed from the evidence; for there was no evidence, as the bill of exceptions will show; but were without reference to evidence, and in general terms. In the case of Etting *v.* The Bank of the United States, Judge Marshall says, that a judge cannot be required to declare the law on hypothetical questions which do not belong to the cause on trial. He may refuse to give an opinion on such a point, and if the party propounding the question is dissatisfied with it, he may except to the refusal; which exception will avail him, if he shows that the question was warranted by the testimony, and that the opinion he asked ought to have been given. But if he proceeds to state the law, and states it erroneously, his opinion ought to be revised, and if it can have had any influence on the jury, their verdict ought to be set aside. Cox's Digest, 281; 11 Wheaton, 59.

VOL. IV.—33

Montgomery, *contra.*

1. The bill of exceptions contains mere abstract points of law, and nothing in the record shows they were material. The bill of exceptions should state the evidence on which instructions were prayed. 6 Cranch, 233. 9 J. R. 345.

2. The defendant below went into possession under a contract for the purchase, and held over after refusal on his part to complete the purchase. Under such circumstances he may be treated as a trespasser, and turned out by ejectment. 7 Cowen, 747. 6 J. R. 49. Adams on Eject. 116. 13 East, 210. A purchaser who refuses to complete the purchase, cannot dispute the vendor's title. 14 J. R. 224.

3. One in possession under a defeasible title, continues by force after claim made. 1 Hawkins, P. C. 500. Co. Lit. 256, or 25*b*. 5 Yer. Rep. A refusal to deliver possession without force, all that is necessary. 2 Marshall, 36. 6 Yer. 431.

4. An heir may maintain forcible entry and detainer without ever having possession. 2 Marsh. 204. The purchaser of a reversion entitled to the remedy. 2 Lit. 295.

The plaintiff may prove right of possession, although he never had legal possession. Walker's Rep. 265. Writ of forcible entry and detainer given by statute. Revised Code, 237.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

This proceeding was instituted before two justices of the peace for an unlawful detainer. On an appeal to the circuit court, the judgment of the justices was reversed on a verdict found for the appellees. The bill of exceptions taken on the trial presents all that is to be considered of, the exceptions being taken to the refusal to give the charges asked, and to the charges given.

The court was first asked to charge the jury, "that if they believe from the evidence that the defendant, Loring, has held the adverse possession of the land in controversy for a period exceeding three years previous to the commencement of this suit of unlawful detainer, that they must find for the defendant."

As a legal proposition, this is unquestionably so; and if its application to the case is made sufficiently manifest, we must say the court should have given it. We have repeatedly recognised the

doctrine that a court is not bound to give a charge on a mere abstract question of law, and that it is not error to refuse a charge asked, unless the state of the case before the court was such as to call for it, or give it a proper application.   In this case we have nothing before us but the application, the verdict and judgment, and the bill of exceptions.   None of the evidence is reported, nor is the defence relied on disclosed.   Knowing nothing of the merits of the case, we of course cannot tell whether any such question arose on the trial.   But in different language the charge was substantially given by the court, and this brings it precisely within the authority referred to by the appellant's counsel, in the case of Etting *v.* the Bank of the United States. 11 Wheaton, 59. It was there said that the court may refuse to declare the law on hypothetical questions which do not belong to the case on trial, and if the party propounding the question be dissatisfied, he may except to the refusal, which exception will avail him if he shows that the question was warranted by the testimony, and that the opinion he asked, ought to have been given.   And it was further said, " if the judge proceeds to state the law, and states it erroneously, *his* opinion ought to be reversed; and if it can have had any influence on the jury, their verdict ought to be set aside."   The appellant has not shown that the charge asked was warranted, either by the pleadings or testimony, but his counsel insists that as the court undertook to declare the law, it should have done it correctly; whether it did so or not, we shall presently enquire.

The court was next asked to charge the jury, " that they have nothing to do with the title of the parties, and that the title and right of property does not come in question in the present suit of unlawful detainer."   This, like the preceding proposition, is undoubtedly the law; unlawful detainer being a mere possessory action, in which the title of the parties is not involved.   But here again we are at a loss to perceive the application of the law.   It does not appear that either party relied upon title, or that any such thing as title of any description was offered in evidence.   If neither party relied upon title, it is clear that such a question was wholly immaterial, and we cannot say that the court erred in refusing to declare the law.

The remaining charge asked, was, " that if they believe from

the evidence that the defendant, Loring, entered into possession of the land in controversy under a contract of purchase, and held it as his own for a term exceeding three years previous to the commencement of the suit of unlawful detainer, that it constitutes an adverse possession and a bar to the recovery of the plaintiffs." The remarks already made apply to this charge with equal force. We are not informed whether Loring entered under a contract of purchase, or how, or when, or in what manner he entered, or how long he was in possession, or whether he relied on his length of possession as a defence ; and having disposed of the charges asked, it only remains to determine whether those given were correct.

The court charged the jury 1st. " That a husband has only a life estate in the lands of his wife." This is true, if they have a child born alive. 2d. " That the wife must in all cases join in the deed to convey her right:" and 3d. " That the statute of limitations runs from the time possession became adverse, and not from the time of taking possession, and that if the jury believe that the defendant went into possession under a contract of purchase, and had during the period of his possession refused to pay a balance due on the contract of purchase, and thereby complete the purchase, that then Loring became a trespasser, and that plaintiffs had a right to become the possessors at any time within three years after such refusal to complete the purchase, by the summary remedy of unlawful detainer." It will be perceived, as before observed, that the first charge asked is substantially covered by this instruction, even if its materiality had been shown. But were the charges given correct, or according to the law? I can perceive no objection to them, unless it be in charging that Loring was a trespasser after refusing to complete the purchase. This point has been somewhat mooted, but the court decided it according to the majority of cases, and perhaps according to the better opinion. The court, therefore, although not bound to do so from the state of case, has declared the law, and declared it correctly, and is completely within the rule established by the authorities. The same remarks may be made to the charges given as to those refused ; from the case as disclosed by the record, we do not perceive their application, but as principles of law they are correct, and the judgment must stand.